NATHANIEL JARVIS, JR., AS TRUSTEE OF THE ESTATE OF THOMAS WYNNS, DECEASED, RESPONDENT, *v.* ANNA A. CHAPIN, AS EXECUTRIX, ETC., OF WILLARD P: CHAPIN, DECEASED, RESPONDENT, IMPLEADED WITH EDWARD S. BULL, APPELLANT, AND OTHERS.

*Foreclosure — effect of the consent of a second mortgagee that all the parcels, although exceeding in value the amount of the first mortgage, be sold thereunder.*

One Jarvis, who had a second mortgage on certain real property, being informed that the prior mortgage thereon was being foreclosed, although he was not made a party to the foreclosure suit, stipulated in writing upon the sale that all the property, consisting of several lots, might be sold, and that the surplus, over and above the amount due upon the first mortgage, should be paid to him. After a sale had, in accordance with this stipulation, some of the purchasers objected to the title to certain of the lots and refused- to pay the purchase-price, and nothing was ever done to compel them to do so.

*Held,* that Jarvis was entitled to foreclose his second mortgage, as against these lots, to obtain any balance still remaining due to him.

That he was in no manner estopped by his stipulation, or by the judgment in the action brought for the foreclosure of the first mortgage.

That if, as alleged, the title objected to was good, and the purchasers could be compelled to accept it, it was not incumbent upon Jarvis to take action to compel such acceptance and the payment of the purchase-price, but the duty, if any such there were, was upon the plaintiff in the action for the foreclosure of the first mortgage or upon the owner of the equity of redemption.

APPEAL by the defendant Edward S. Bull from a judgment of foreclosure and sale in the above-entitled action, entered in the office of the clerk of the county of New York on the 31st day of October, 1890.

*Robert P. Harlow,* for the appellant.

*Anderson Price,* for the respondents.

O'BRIEN, J. :

The mere statement of the facts of this case without the citation of any authorities would make it reasonably certain that the judgment should be affirmed. This action was brought to foreclose a mortgage, made by Willard P. Chapin to Thomas H. Landon, to secure the sum of $11,000. The mortgage covers real property

situated in the city of New York, between One Hundred and Fifty-first and One Hundred and Fifty-second streets, and between Eighth and Edgecombe avenues. At the time of the making and recording of this mortgage there was a prior mortgage upon the same property.

An action to foreclose the prior mortgage was commenced about August, 1887, and as incidents thereto due notices of pendency of action were filed in the office of the clerk of the city and county of New York. A judgment in said action directed the sale of the mortgaged premises, or such part thereof as might be sufficient to discharge the said first mortgage debt, together with expenses and costs. The property was sold for enough to pay the first mortgage and left a surplus, the whole of which was subsequently paid to the plaintiff in this action and credited by him upon the bond and mortgage, and after such payment there still remained a balance due to plaintiff, to recover which he commenced this action to foreclose his mortgage.

Although the plaintiff in this action was not a party by name to the record in the action to foreclose the first mortgage, owing, no doubt, to the fact that the assignment of the mortgage by Landon to plaintiff was not recorded until the 2d day of May, 1889, he was the real party in interest and his interest was represented by the executor of Landon, deceased. It may be assumed, moreover, that plaintiff had knowledge of the pendency of the action to foreclose the said first mortgage and never made any application to be made a party prior to the decree of foreclosure and sale therein. After the decree had been made in the action to foreclose the first mortgage a stipulation was entered into by the attorneys by which it was agreed that all the premises should be sold by the referee. Under this stipulation, which was known to plaintiff, the entire mortgaged premises were put up in thirty different parcels and bid in by various purchasers. The purchasers of lots numbered from nineteen to twenty-seven, both inclusive, and lots numbered twenty-nine and thirty, refused to complete their purchases, and no application has ever been made to the court to compel them to accept title. The ground of their refusal to take title is some paramount claim alleged to exist in favor of plaintiff as an individual. The plaintiff, after successfully prosecuting his claim

against the surplus fund, commenced this action to foreclose his mortgage, which covered the same identical property and premises which were covered by the first mortgage already foreclosed, and under which the effort was made to sell all the property as stated.

The defense interposed, though overruled by the referee and still claimed by appellant to be good in law, is that by virtue of the stipulation made in the suit brought to foreclose the prior mortgage, to which stipulation the plaintiff was privy, and the benefit of which he has received to the extent of the payment out of the surplus moneys, plaintiff bound himself to pursue his remedy for the collection of his debt by means of that stipulation exclusively, and is, therefore, estopped from maintaining this action. It is conceded that if the purchasers on the foreclosure of the prior mortgage who refused to complete their purchase were compelled to do so, the surplus would be sufficient to satisfy the plaintiff's mortgage. Appellant contends that plaintiff is bound to pursue his remedy in the surplus proceedings and compel such purchasers to complete their bargains. In other words, it is claimed that plaintiff is estopped from maintaining this action by the judgment sale and stipulation in the former action.

All the questions urged upon this appeal, relating to exceptions to the referee's rulings and the latter's refusal to agree to appellant's claim, center around this question as to whether this defense interposed is valid in law. The defense has at least the merit of novelty, and in its support appellant invokes the principles which underlie the doctrine of estoppels, both legal and equitable, and the principles which relate to the power of the court to determine the rights of all the parties to a foreclosure suit in a single action. It is difficult, however, to follow the appellant in his effort to make applicable the principles of law invoked.

Stripped of all verbiage, the question at issue is reduced to a narrow and apparently very simple one. The plaintiff has a mortgage on property upon which a prior mortgage exists, the latter is foreclosed in an action to which the plaintiff personally or by privy is made a party; it is agreed therein, for the benefit of all the parties in interest, that instead of selling sufficient of the property only to satisfy the first mortgage, the entire premises should be sold in different parcels so as to realize sufficient not only to pay the first mortgage,

but the second mortgage of the plaintiff and any other claims that might exist against the property.

The benefit of the stipulation and the intention of the parties was frustrated by the failure, to take title, of the purchasers who had bid at the sale.

As to so much of the property as was sold and the title thereto in the purchasers perfected, all rights of the plaintiff and the subsequent incumbrancers who were made parties to the suit were cut off and foreclosed. As to the balance of the property, which was simply exposed for sale and bid off by persons who refused to complete their purchase, the plaintiff's mortgage lien still remains, and no principle, legal or equitable, should or can prevent his proceeding to enforce such lien in a proper action such as he has here brought.

It is idle to insist that it was plaintiff's duty to proceed in the former suit in which he was a defendant and compel the bidders to complete their purchases and thus raise sufficient to pay his claim. That duty devolved either upon the plaintiff in the prior foreclosure suit or upon the owner of the equity of redemption; and while the plaintiff here might have taken upon himself that labor, he was not so compelled either by force of the judgment itself or the stipulation upon which so much stress has been laid. He could, with perfect propriety, elect to follow this method of collecting money which is admitted to be justly due him upon his mortgage. We have examined the case and exceptions on appeal and find no reason for disturbing the conclusions or judgment of the referee.

The judgment should, therefore, be affirmed, with costs and disbursements.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs and disbursements.